UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

***************************************************************

| | | |
|---|---|---|
| TERRY R. BALVIN, | * | CIV 18-4049 |
| Plaintiff, | * | |
| vs. | * | ORDER GRANTING MOTION |
| | * | TO STAY ENFORCEMENT |
| RAIN AND HAIL, LLC, | * | OF COURT'S ORDER |
| Defendants. | * | |

***************************************************************

Defendant, Rain and Hail, LLC, has moved pursuant to Federal Rule of Civil Procedure 62 and Federal Rule of Appellate Procedure 8, for an order to stay, pending appeal, this Court's Memorandum Opinion and Order filed August 21, 2018. Counsel for Plaintiff, Terry Balvin, advised the Court by telephone that Plaintiff has no objection to the motion for a stay.

This case arises from Balvin's crop insurance claim that was submitted to Rain and Hail and then denied in arbitration. In its August 21 Memorandum Opinion and Order, this Court upheld the arbitrator's ruling that Balvin abandoned his crop but held that the arbitrator erred by failing to submit the procedure for determining appraised value (when a production Worksheet is not done and Appraisal Worksheets are not signed) to the Federal Crop Insurance Corporation (FCIC) for interpretation. Rain and Hail has filed a notice of appeal of this latter holding and seeks to stay enforcement of the Court's August 21 order pending appeal.

Rain and Hail contends that the Court should apply the test for a stay pending appeal set forth by the Supreme Court in *Hilton v. Braunskill*, 481 U.S. 770 (1987). Under this test, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 776.

In addressing the first factor, Rain and Hail argues that because Balvin abandoned his crop, his loss is not covered by his insurance policy and the procedure the arbitrator used to calculate Balvin's loss no longer has any bearing. With no objection by Balvin to this argument, Rain and Hail has made a strong showing it is likely to succeed on the merits.

In addressing the second factor, whether it will be irreparably injured absent a stay, Rain and Hail argues enforcement of the Court's order requiring remand for the arbitrator to obtain guidance from the FCIC on proper procedure would open the door for simultaneous proceedings before the arbitrator, the FCIC, and the Eighth Circuit. Rain and Hail would be forced to expend resources preparing for proceedings that may become moot once the Eighth Circuit issues its ruling. Rain and Hail has demonstrated sufficient potential of irreparable harm that would justify a stay.

In addition, a stay would benefit Balvin and the public if it would alleviate the need to expend Balvin's, the arbitrator's and the FCIC's time and resources on arbitration should the need for arbitration later become moot after the Eighth Circuit's ruling.

Since consideration of all four *Hilton* factors supports granting the request to stay,

IT IS ORDERED that the Defendant's Motion to Stay Enforcement of the Court's Order Pending Appeal, Doc. 22, is granted, and the Court's Memorandum Opinion and Order, Doc. 21, is stayed pending appeal.

Dated this 24th day of September, 2018.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK
BY: _____
(SEAL)       DEPUTY